UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS RUBIO,

          Plaintiff,

    v.

CARMINE DELL AQUILA,

          Defendant.

**MEMORANDUM & ORDER**
22-CV-00153 (HG) (AYS)

**HECTOR GONZALEZ**, United States District Judge:

    Presently before the court is a motion filed by Plaintiff Thomas Rubio ("Rubio" or "Plaintiff") seeking to dismiss Defendant Carmine Dell Aquila's ("Dell Aquila" or "Defendant") four counterclaims (the "Counterclaims"). *See* ECF No. 9. For the reasons set forth below, Plaintiff's motion to dismiss is granted.

## BACKGROUND

    The dispute arose from the operation of Smithtown Nissan, Inc. ("Smithtown"), a Nissan branded auto dealership co-owned by Plaintiff and Defendant. *See* ECF No. 1. Plaintiff owns twenty-five (25%) percent of Smithtown's issued and outstanding shares and Defendant owns seventy-five (75%) percent of the shares and serves as Smithtown's sole director and officer. *See id.* at 2.

    On January 11, 2022, Plaintiff initiated this action by filing a complaint alleging that Defendant breached his fiduciary duty to Smithtown when he rejected two fair offers to purchase the location. Plaintiff further alleges that Defendant rejected the offers because he was negotiating with Nissan North America to reinstate or transfer the franchise from Smithtown Nissan to an entity owned by Defendant. *See id.* at 4.

On April 6, 2022, Defendant filed his answer denying the allegations and asserted certain Counterclaims against Plaintiff: (i) the first counterclaim charges Plaintiff with breach of fiduciary duty through the misuse of the dealership's funds and resources, breaches of the franchise agreement's post-termination obligations, and misappropriation of PPP loan proceeds; (ii) the second counterclaim charges Plaintiff with wrongful conversion of assets belonging to the dealership; (iii) the third counterclaim alleges Plaintiff has operated a car repair facility on the grounds of the dealership without paying consideration; and (iv) the fourth counterclaim contends Plaintiff wrongfully prevented Defendant from accessing the dealership's books and records. *See* ECF No. 9 at 5–15.

On May 27, 2022, Plaintiff filed a pre-motion conference letter ("Plaintiff's Pre-Motion Letter") requesting leave to file a motion to dismiss the Counterclaims on the grounds that they are identical to claims filed in a pending state action in New York Supreme Court, Suffolk County ("State Action"). *See* ECF No. 12. On June 9, 2022, the Court entered an order noting that it: (i) considered Plaintiff's Pre-Motion Letter to be unopposed due to Defendant's failure to file a response in accordance with the Court's Individual Practices, and (ii) construed Plaintiff's Pre-Motion Letter as a motion to dismiss.[1] On June 15, 2022, Defendant filed a response. *See* ECF No. 14. The Court then ordered the parties to file a joint letter describing the status of the

---

[1] The Second Circuit has "approved the practice of construing pre-motion letters as the motions themselves – under appropriate circumstances." *Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019) (citation and internal quotation marks omitted) (affirming the district court construing pre-motion letters as the motions themselves). A court does not abuse its discretion in construing a pre-motion letter as the motion itself, where the party seeking leave to file the motion had a sufficient opportunity to make the necessary arguments to preserve its position for appellate review. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (affirming the district court converting a pre-motion letter to a motion); *see also Manus Sports Gloves, LLC v. Everlast Worldwide, Inc.*, 759 F. Supp. 2d 459, 460 (S.D.N.Y. 2010) (finding that "the Court is not persuaded that motion practice is warranted at this point" and thus construing letter request for pre-motion conference as a motion).

State Action. *See* ECF Nos. 16, 17. On July 28, 2022, the Court heard oral argument from both parties on the motion to dismiss and subsequently directed the parties to confer on the filing of an amended answer. *See* Minute Entry for proceedings dated July 28, 2022. Defendant did not file an amended answer.

## LEGAL STANDARD

Plaintiff's motion seeks dismissal of the Counterclaims pursuant to the doctrine of abstention articulated by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River* abstention"). *See* ECF No. 12 at 2. *Colorado River* abstention is appropriate in limited situations involving "the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Colorado River*, 424 U.S. at 817. The doctrine presents an "extraordinary and narrow exception" to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 813, 817 (citation and internal quotation marks omitted). The doctrine "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (citation and internal quotation marks omitted).

Pursuant to *Colorado River* abstention, a district court may stay or dismiss a party's claims only where (i) the relevant state and federal court proceedings are "parallel," and (ii) "reasons of wise judicial administration" counsel dismissal. *Id.* at 818. *See also DDR Constr. Servs. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 644 (S.D.N.Y. 2011) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Lawsuits are considered "parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Dittmer v. Cnty. of*

3

*Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998). A finding that proceedings are parallel is a necessary prerequisite to the exercise of *Colorado River* abstention. *Id.* at 118.

Once parallel proceedings are confirmed, whether a court should abstain turns on the following factors set forth in *Colorado River* and its progeny: (i) whether either court has exercised jurisdiction over a res; (ii) the relative convenience of the forums; (iii) whether piecemeal litigation may be avoided by abstention; (iv) the order in which jurisdiction was obtained; (v) whether state or federal law applies to disposition of the claims; and (vi) the ability of the state court to protect rights of the federal party asserting the claim. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21–26; *Colorado River*, 424 U.S. at 818–19. No single factor is determinative and the decision whether to abstain is left to the district court's sound discretion. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16; *Colorado River*, 424 U.S. at 818–19.

## DISCUSSION

**A. The State Action and the Federal Action are Parallel.**

The Counterclaims filed in this action ("Federal Action") arise out of the same allegations as the State Action, namely that Plaintiff Rubio: (i) breached his fiduciary duty to the dealership by misappropriating and misusing corporate resources; (ii) wrongfully converted the dealership's assets; (iii) was unjustly enriched by authorizing his car repair shop to operate on the dealership's location without providing fair consideration; and (iv) breached his fiduciary duty to his fellow majority shareholder, Defendant Dell Aquila, through these actions. In fact, the wording of the Counterclaims is nearly identical to those claims raised in the State Action. *Compare* ECF No. 9 at 10–16 (first, second, third and fourth causes of action) *with* ECF No. 16-1 at 10–14 (third, fourth, fifth and sixth causes of action). The existence of the other theories of liability and/or causes of action in the State Action does not destroy the parallel nature of the

cases. *See Ferolito v. Menashi*, 918 F. Supp. 2d 136, 142 (E.D.N.Y. 2013) (holding that asserting a new theory of liability does not sufficiently differentiate state and federal actions that are based on the exact same facts). Thus, the Court concludes that the actions are parallel for the purposes of *Colorado River* abstention.

### B. The *Colorado River* Factors Warrant Dismissal.

Upon analyzing the *Colorado River* factors, the Court determines that, on balance, there are sufficient grounds for dismissal of the Counterclaims in the Federal Action.

#### 1. Exercise of Jurisdiction over a Res

There is no res or property over which either court has exercised jurisdiction. Such absence favors the retention of federal jurisdiction. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

#### 2. Convenience of the Forums

The State Action is pending in Suffolk County, and the Federal Action is pending in the Eastern District of New York. The federal court is just as convenient as the state court, so this factor is substantially neutral and weighs in favor of retaining federal jurisdiction. *See Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999).

#### 3. Avoidance of Piecemeal Litigation

Given that the Counterclaims in the Federal Action are verbatim copies of the causes of action in the State Action, the federal and state courts would be considering the same issues between the same parties and will likely hear similar pretrial motions, evidence, and witnesses. Allowing such substantially similar actions to proceed in separate courts under the circumstances would invite duplicative efforts and waste judicial resources. This factor weighs heavily in favor of abstention.

4. <u>The Order in Which Jurisdiction Was Obtained</u>

The Federal Action was filed more than one year after the State Action. In the joint letter filed on July 1, 2022, the parties noted that Defendant Dell Aquila has commenced discovery on his claims and there have been multiple court conferences. *See* ECF No. 16 at 2. By comparison, the present motion is the only substantial proceeding in the Federal Action. Hence, there has been more progress in the State Action than in the Federal Action. This factor favors abstention. *See Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985).

5. <u>Governing Law</u>

The Federal Action invokes this Court's diversity jurisdiction and involves only claims arising under state law. This factor weighs in favor of abstention, although not heavily because the state law issues do not appear to be novel or particularly complex. *See Arkwright–Boston Mfrs. Mut. Ins. Co.*, 762 F.2d at 211 (noting that "[a]s all diversity suits raise issues of state law, their presence does not weigh heavily in favor of surrender of jurisdiction"); *see also Vill. of Westfield*, 170 F.3d at 124 ("[T]he absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex.").

6. <u>The Ability of the State Court to Protect the Federal Defendant's Rights</u>

The State Action will adequately protect Defendant's procedural and substantive rights and provide a fair forum to promptly resolve the parties' disputes. In fact, Defendant chose to proceed with these claims in state court in the first instance. Defendant has not identified any conceivable jeopardy or prejudice to his rights to indicate otherwise. Accordingly, the sixth factor weighs in favor of abstention.

## **CONCLUSION**

Based on the foregoing, the Court finds that *Colorado River* abstention is appropriate in this case, as applied to Defendant's Counterclaims. Despite the strong presumption against surrendering federal jurisdiction, the Court concludes that, on balance, the weighing of the six *Colorado River* factors plainly shows that the interests of "conservation of judicial resources and comprehensive disposition of litigation" favor abstention in this case. *Colorado River*, 424 U.S. at 817.

Accordingly, Plaintiff's motion to dismiss Defendant's Counterclaims is granted. The Clerk of Court is directed to enter judgment dismissing Defendant's four Counterclaims.

SO ORDERED.

                                                     */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
         September 6, 2022