UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS RUBIO *a shareholder of Smithtown Nissan, Inc., on behalf of and to benefit Smithtown Nissan, Inc.*,

     Plaintiff,

  v.

CARMINE DELL AQUILA,

     Defendant.

**MEMORANDUM & ORDER**
22-CV-00153 (HG) (AYS)

**HECTOR GONZALEZ**, United States District Judge:

  Plaintiff Thomas Rubio brings this derivative shareholder action against Defendant Carmine Dell Aquila seeking damages for Defendant's alleged breach of fiduciary duty in relation to the operation of Smithtown Nissan, Inc., a Nissan-branded auto dealership co-owned by Plaintiff and Defendant.  ECF No. 1 (Complaint).  Presently before the Court is Defendant's motion for summary judgment.  ECF No. 31 (Motion for Summary Judgment).  For the reasons explained herein, Defendant's motion is DENIED.

## BACKGROUND

  The Court only briefly summarizes the facts necessary for resolution of the instant motion.  Unless otherwise indicated, all facts detailed herein are undisputed by the parties. Smithtown Nissan, Inc., (the "Company") is a New York corporation.  ECF No. 33-16 ¶ 1 (Plaintiff's Rule 56.1 Counterstatement).  Defendant owns 75% of the Company and Plaintiff owns the remainder.  *Id.* ¶ 9.  The Company owns a parcel of land in Smithtown, New York, where, prior to September 2020, it had operated a Nissan-branded car dealership.  *Id.* ¶ 2.  In June 2020, the Company received a letter from Nissan North America, Inc. ("NNA"), notifying

the Company that it was in material breach of the franchise agreement.  ECF No. 31-5 at 2 (June 24, 2020, NNA Letter).[1]  Due to this breach, NNA informed the Company that it planned to terminate the franchise agreement within 90 days.  *Id.* at 3.  In September 2020, NNA terminated the franchise agreement.  ECF No. 33-16 ¶¶ 17, 18; *see also* ECF No. 31-6 (Sept. 29, 2020, NNA Letter).

The Complaint alleges that, prior to the termination of the franchise agreement, Defendant received offers from different individuals to purchase the Company.  ECF No. 1 ¶ 2.  Although the parties do not dispute the absence of any written offers, *see* ECF No. 33-16 ¶ 35, they do dispute whether Defendant received oral offers to purchase the Company, *see id.* ¶¶ 37, 42, 54, 56, 60, 61.  And, with respect to a specific alleged offeror, Patrick Dibre, the parties dispute Defendant's motive in rejecting any alleged offer from Dibre.  *Id.* ¶¶ 60, 61.  At his deposition, Dibre testified that, in response to Dibre's offer, Defendant told him that the Company was more valuable than what he was offering.  ECF No. 31-17 at 23 (Dibre Dep. Tr.).  Dibre further testified that Defendant told him that Defendant would "rather close the business down without giving Tom Rubio a penny . . . . "  ECF No. 33-7 at 29 (Dibre Dep. Tr.).  Dibre did not address this testimony in his subsequent declaration filed in support of Defendant's Reply.  *See* ECF No. 36-1 (Dibre Decl.).

Plaintiff alleges Defendant breached his fiduciary duty in rejecting these oral offers because:  "(i) [Defendant] knew that the termination of Smithtown Nissan's franchise agreement with the manufacturer was imminent; (ii) Smithtown Nissan would be rendered without revenue, and with no means of paying its liabilities; and (iii) [Defendant] was secretly negotiating with

---

[1]     The Court uses pages assigned by the Electronic Case Files System ("ECF").

[NNA] for the reinstatement or transfer of the franchise to a new entity owned and controlled by himself."  ECF No. 1 ¶ 28.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In other words, a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).[2]  The moving party has the burden of demonstrating that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

In deciding a summary judgment motion, any ambiguities and justifiable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995).  Although "courts must refrain from assessing competing evidence in the summary judgment record and avoid making credibility judgments," a plaintiff must defeat summary judgment by putting forth "evidence on which the jury could *reasonably* find for the non-moving party."  *Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 456 (2d Cir. 2022) (affirming summary judgment dismissing complaint) (emphasis in

---

[2]      Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

original).  "In reviewing the evidence and the inferences that may reasonably be drawn, [the Court] may not make credibility determinations or weigh the evidence. . . .  Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  *Proctor v. LeClaire*, 846 F.3d 597, 607–08 (2d Cir. 2017).

## DISCUSSION

A shareholder can bring a breach of fiduciary duty claim directly, to recover for "injury to him or herself individually" or derivatively, "to recover for injury to the business entity."  *Yudell v. Gilbert*, 949 N.Y.S.2d 380, 383 (N.Y. App. Div. 2012).  Under New York law,[3] to succeed on a breach of fiduciary duty claim, a plaintiff must show "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom."  *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011) (citing *Barrett v. Friefeld*, 883 N.Y.S.2d 308, 308 (N.Y. App. Div. 2009)).  Corporate officers and majority shareholders owe fiduciary duties to corporations in the form of the duty of care and the duty of loyalty.  *Endico v. Endico*, No. 19-cv-7231, 2022 WL 3902730, at *6 (S.D.N.Y. Aug. 30, 2022) (applying to corporate officers); *Stavroulakis v. Pelakanos*, 106 N.Y.S.3d 725, at *9–10 (N.Y. Sup. Ct. 2018) (applying to corporate officers and majority shareholders).  With respect to the duty of care, "[a] fiduciary must exercise that degree of care which an ordinarily prudent person in a like position would use under similar circumstances."  *Endico*, 2022 WL 3902730, at *6.  And the duty of loyalty requires a fiduciary to "not assume and engage in the promotion of personal interests which are incompatible with the superior interests of their corporation."  *Id*.

---

[3]     The parties agree that New York law applies.  *See* ECF No. 32 at 9; ECF No. 33-17 at 13 (Plaintiff's Opposition).

Although Defendant disputes that he received any offers,[4] he asks the Court to find—to the extent any offers were made—that any decision by him to reject them falls within the business judgment rule.  Under New York law, "[a] business decision is not subject to review under the business judgment rule if it is authorized, made in good faith, and in furtherance of the business's legitimate interests."  *Pugliese v. Mondello*, 871 N.Y.S.2d 174, 177 (N.Y. App. Div. 2008).  "To overcome the business judgment rule . . . a plaintiff must show that the fiduciary acted in bad faith or with fraudulent intent."  *In re Eugenia VI Venture Holdings, Ltd. Litig.*, 649 F. Supp. 2d 105, 126 (S.D.N.Y. 2008), *aff'd sub nom. Eugenia VI Venture Holdings, Ltd. v. Glaser*, 370 F. App'x 197 (2d Cir. 2010).  For example, the business judgment rule does not apply where there is evidence of "bad faith, e.g., deliberately singl[ing] out an individual for harmful treatment."  *Owen v. Hamilton*, 843 N.Y.S.2d 298, 303 (N.Y. App. Div. 2007).  "Once a prima facie showing of self-interest, self-dealing or bad faith is demonstrated, the duty of loyalty supersedes the duty of care, and the burden shifts to the fiduciar[y] to prove that the transaction was fair and reasonable to the corporation."  *Endico*, 2022 WL 3902730, at *7.

Disputes of fact exist as to whether the business judgment rule should apply to Defendant's actions.  Although there is evidence in the record that Defendant rejected offers because he believed the Company was worth more than what was offered, *see* ECF No. 31-17 at

---

[4]     On this point, there are clear issues of fact in the record as to whether Defendant was approached with an offer.  For example, Dibre testified that in 2020, he discussed with Defendant the potential purchase of the Company on four different occasions.  ECF No. 33-7 at 14–16.  The fact that Defendant may not remember such conversations, *see* ECF No. 32 at 7, does not mean that the conversations did not happen or that the offer was not made.  This is a paradigmatic example of conflicting facts which require an assessment of credibility, and it is not within the Court's authority to resolve such matters.  *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.").  Accordingly, this disputed fact in and of itself prevents the Court from granting Defendant's summary judgment motion.

23, there is also evidence from which a jury could reasonably infer bad faith if it credits testimony that Defendant sought to single out Plaintiff and ensure he not receive a "penny" from a sale of the Company, *see* ECF No. 33-7 at 29.[5]  Given these competing narratives, and drawing all inferences in favor of the nonmoving party, there are genuine disputes of material fact regarding whether Defendant acted in good faith when he rejected any potential offer or whether he "singled out [Plaintiff] for harmful treatment." *Hamilton*, 843 N.Y.S.2d at 303.   Because "there is little in the record on this issue other than the parties' opposing contentions, there are genuine issues of material fact that ultimately must be determined by a trier of fact." *Endico*, 2022 WL 3902730, at *8.

\*      \*      \*

Today's decision is narrow.  In denying Defendant's motion for summary judgment, the Court has not decided any issue; rather, it merely has found genuine issues of material fact that must be resolved at trial.  It is ultimately the jury's "exclusive role" to find the facts on which the breach of fiduciary duty claim will rise or fall.  *Palin v. N.Y. Times Co.*, 113 F.4th 245, 264 (2d Cir. 2024).

## <u>CONCLUSION</u>

For the reasons explained herein, Defendant's motion for summary judgment is denied. *See* ECF No. 31.  If the parties intend to seek referral to the Court-annexed mediation program or

---

[5]      Notably, Defendant had the opportunity to expand or contextualize Dibre's testimony in this regard in the Declaration filed with Defendant's Reply, *see* ECF No. 36-1, but he did not do so.

engage in a settlement conference before Magistrate Judge Shields, they shall notify the Court via joint letter on or before October 14, 2024.

Regardless, the parties shall submit their joint pre-trial order in accordance with Section VI.B of the Court's Individual Practices on or before October 21, 2024.  The parties are reminded that this case is assigned to the undersigned, who sits in the Brooklyn Courthouse of the Eastern District of New York.  As such, trial in this case will occur in the Brooklyn Courthouse.  If the parties wish to have the trial in Central Islip, they may do so by consenting to the jurisdiction of the magistrate judge by filing the District's consent form, which was published on the docket, *see* ECF No. 3.  Any party is free to withhold consent without adverse substantive consequences, and if the parties do not unanimously consent to the magistrate judge's jurisdiction, the parties shall not identify which party did or did not so consent.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 29, 2024