UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THOMAS RUBIO, as a shareholder of
SMITHTOWN NISSAN, INC., on behalf of
and to benefit SMITHTOWN NISSAN, INC.

                Plaintiff,

                -against-

CARMINE DEL AQUILA,

                Defendant.
----------------------------------------------------------X

**ORDER**
CV 22-0153 (AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

This is an action commenced by Plaintiff Thomas Rubio ("Rubio") in his capacity as a shareholder and on behalf of corporate entity Smithtown Nissan, Inc. ("Smithtown Nissan" or the "Company"). See Docket Entry herein ("DE") 1. Plaintiff's lawsuit is a shareholder derivative action brought pursuant to New York law. Id. The case is in this Court based upon diversity of citizenship. As of this writing trial is set to commence shortly. Presently before the Court are the parties' fully briefed motions in limine addressed to the trial admissibility of several documents. See DE 52 (Plaintiff's motion); DE 53 (Defendant's motion). As set forth below, all motions are granted. None of the contested documents will be allowed in evidence.

DISCUSSION

I.    Background

    A.    The Parties and Plaintiff's Claims

As noted, this is a shareholder derivative lawsuit commenced pursuant to New York State law. At all relevant times Plaintiff Rubio was a minority shareholder in Smithtown Nissan. Defendant Carmine Del Aquila ("Del Aquila"), was the majority shareholder, owning 75% of the

1

Company's shares. Factually, Rubio's claim is uncomplicated. He alleges that Defendant Del Aquila acted against the interest of the corporate entity, and in violation of his fiduciary duty to the Company when he failed to accept an offer to purchase the Dealership. That offer arose, according to Plaintiff, at a time when the Dealership was in financial distress and in danger of losing its right to continue as a Nissan dealership. While Plaintiff's complaint refers to two separate offers that were not considered by Del Aquila, the current posture of the case is narrower, focusing on a single offer. Thus, at this juncture of the litigation, the specific offer that forms the basis of Plaintiff's claim, and the single claim that will proceed to trial, is an offer allegedly made in the summer of 2020 made by Patrick Dibre to purchase the Dealership for $6 million (the "Dibre Offer"). Plaintiff alleges that Del Aquila ascribed an unreasonable valuation of $35 million to the Company as a false justification for rejecting the Dibre Offer. Rubio seeks only monetary damages herein, in the amount of $6 million - the rejected offer. Defendant denies all allegations.

      B.      <u>The State Court Action</u>

This is not the only litigation between the parties. There is presently pending a New York State Court action which was commenced by Del Aquila against Rubio (the "State Court Action") in November of 2020 – approximately two years before this lawsuit was commenced. <u>See</u> DE 52-1. In that action Del Aquila, along with the Company, alleges that Rubio, Dibre and two corporate entities (North Shore Nissan LLC and Performance Auto Body) acted in violation of New York State law when Rubio entered into a lease agreement (the "Lease") purporting to lease the property where the dealership had been doing business to Dibre. The State Court Action also alleges that Rubio engaged in fraud in connection with the day-to-day operation of the Dealership. Among other acts, the State Court Action alleges that Rubio paid himself excessive

salaries, made improper changes to financial statements, made illegal loans to himself as well as his friends and associates. Rubio is also alleged, in the context of the State Court Action to have improperly applied for a Paycheck Protection Program ("PPP Loan") during the pandemic. Del Aquila seeks damages as well as a full accounting with respect to the finances of the Dealership. DE 52-1. It is thus clear that the State Court Action is focused on the facts surrounding the Lease as well as Rubio's conduct in connection with his operation of the Dealership. The State Court Action is ongoing.

### C. The Documents at Issue

As described in greater detail below, the documents at issue in the in limine motions include the Lease and documents related thereto, as well as documents surrounding the financial hardship faced by the Company during the time period immediately pre-dating the Dibre Offer. Additional documents at issue are those involving alleged offers to purchase the Dealership that predate the offer at issue here. Finally at issue is an appraisal of the value of the Company that was conducted after the Dibre Offer.

## II. Legal Principles

This case is scheduled to begin on October 27, 2025. On October 23, 2025, Defendant filed a motion to adjourn the trial because a pending business deal might obviate the need for a trial in this, and possibly, in the State Court Action. DE 57. Plaintiff does not object to the adjournment. Id. At the same time, Plaintiff filed a letter setting forth an additional ground upon which Defendant's motion in limine should be denied. DE 58. It presently appears that trial will be adjourned, once again, for several months. Nonetheless, the Court will decide the pending motions. This will advance one of the purposes of such motions in limine which is to allow the court to rule in advance of trial on the admissibility of "certain forecasted evidence". James v.

Vogel, 2019 WL 3387998 (N.D.N.Y. July 27, 2019). Motions seeking to exclude evidence are properly granted when the evidence at issue "is clearly inadmissible on all potential grounds". Id. Where, on the other hand, the nature of the evidence is unclear and/or subject to change, the court may reserve decision until trial and/or "in the exercise of sound judicial discretion . . . alter or change a previous in limine ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." Id., quoting, Luce, 469 U.S. at 41-42. Here, the Court turns to decide the merits of the parties' pretrial motions in limine, so that once the trial commences (if it does) the case will proceed without further delay.

II.     Legal Principles: Rules 401-403 of the Federal Rules of Evidence

Rule 401 of the Federal Rules of Evidence ("Rule 401") provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence;" and "(b) the fact is of consequence in determining the action." Fed. R. Evid. 401. United States v. Martin, 2025 WL 2180611 at * 3 (2d Cir. Aug. 1, 2025). Rule 402 of the Federal Rules of Evidence provides for the admissibility of relevant evidence and the inadmissibility of irrelevant evidence. Thus, all relevant evidence is admissible, except as otherwise provided by the United States Constitution, federal statute, or applicable rules. Fed. R. Evid. 402. Moskowitz v. American Express Co., 2025 WL 2240326, at *1 (E.D.N.Y. Aug. 6, 2025). When determining whether evidence is relevant courts apply a "low threshold," that is "easily satisfied." McGuire v. Village of Hempstead, 2025 WL 2880086, at *1 (E.D.N.Y. Oct. 9, 2025), quoting Rosas v. Miri Gen. Contracting Inc., 782 F. Supp. 3d 15, 18 (E.D.N.Y. 2025) (citing United States v. Garnes, 102 F.4th 628, 638 (2d Cir. 2024)).

Under Rule 403 evidence that is relevant may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. McFee v. BJ's Wholesale Club, 2025 WL 2442837, at * 12 (E.D.N.Y. Aug. 25, 2025). Courts have broad discretion when balancing factors under Rule 403. Est. of Jaquez v. Flores, 2016 WL 1060841, at *1 (S.D.N.Y. Mar. 17, 2016) (under Fed. R. Evid. 403, "[d]istrict courts have broad discretion to balance probative value against possible prejudice"). When determining prejudice under Rule 403, the Court considers whether the prejudice is unfair, as opposed to merely harmful. When determining whether a jury will be confused by the introduction of evidence, courts consider whether the evidence sought to be admitted will "divert the jury from the facts which should control their verdict.". McGuire, 2025 WL 2880086, at *11. With these principles in mind the Court turns to the merits of the parties' in limine motions

### III.    Disposition of the Motions

The parties rely principally, on Rules 401-403 to exclude each other's exhibits. Thus, they argue that the documents at issue are either not relevant or minimally so, and that even if relevant the documents should be excluded under Rule 403. As discussed above Rule 403 allows a Court to exclude relevant evidence if the probative value thereof is substantially outweighed by the danger of: unfair prejudice, confusion of issues, misleading the jury, undue delay, waste of time or needlessly presenting cumulative evidence. Fed. R. Evid. 403. In addition to these codified evidentiary rules, Plaintiff's recent submission meets one of Defendant's arguments asserted in opposition to Plaintiff's motion, i.e., that Defendant should be allowed to admit certain exhibits because they support its defense of unclean hands. According to Plaintiff, the defense of unclean hands has no application where, as here, the relief sought is purely legal and not equitable. See DE 58.

With the facts of this case as well as the legal principles and the parties' arguments summarized above in mind, the Court turns to decide the admissibility of each contested document.

A. <u>Plaintiff's Motion</u>

Plaintiff seeks to preclude the trial use of documents referred in the parties' joint pretrial order (the "JPTO") as Defendant's Exhibits ("DX"). The exhibits as well as the Courts ruling with respect to each follows.

- Defense Exhibit ("DX") 2: <u>Nissan letter dated 12/19/19 notifying Rubio of an ongoing fraud investigation into the Company's operation of the Dealership.</u> The Court rules that this Exhibit has no relevance to this matter which seeks to determine only whether Defendant improperly refused to accept the Dibre Offer. Any minimal relevance that this document might have with respect to Rubio's credibility is unquestionably outweighed by its prejudice and likelihood to lead to jury confusion. Allowing DX 2 into evidence would not only prejudice the jury's impression of Rubio, but would also inject factual matters into this case that would confuse the jury as to what is to be tried. Allowing this exhibit into evidence would invite a trial as to whether or not any actual misconduct took place at the Dealership, and whether that misconduct is attributable to Rubio. These are precisely some of the matters at issue in the State Court Action and will not be tried here. The document is excluded.

- DX 3: <u>The Company's PPP Loan Application</u>.  The Court rules that this Exhibit has no relevance to this matter which seeks to determine only whether Defendant improperly refused to accept the Dibre Offer. Any minimal relevance that this document might have with respect to Rubio's credibility is unquestionably outweighed by its prejudice and

likelihood to lead to jury confusion. Allowing DX 3 into evidence would not only prejudice the jury's impression of Rubio, but would also inject factual matters into this case that would confuse the jury as to what is to be tried. Allowing this exhibit into evidence would invite a trial as to whether or not it was appropriate for Rubio to have applied for a PPP Loan. This is at issue in the State Court Action, and will not be tried here. The document is excluded.

- DX 6-10: <u>Documents with respect to the Lease</u>. The Court rules that these Exhibits have no relevance to this matter which seeks to determine only whether Defendant improperly refused to accept the Dibre Offer. Any minimal relevance that these documents might have with respect to Rubio's credibility is unquestionably outweighed by their prejudice and likelihood to lead to jury confusion. Allowing these documents into evidence would not only prejudice the jury's impression of Rubio, but would also inject factual matters into this case that would confuse the jury as to what is to be tried. Allowing these exhibits into evidence would invite a trial as to whether or not it was appropriate for Rubio to have entered into the Lease. This is at issue in the State Court Action, and will not be tried here. The documents are excluded.

- DX 11: <u>Goodman-Marks Appraisal</u>: This is an appraisal of the Dealership that was conducted after the Dibre Offer was refused. It therefore has no relevance as to the value of the Dealership at the time of the Dibre Offer. More importantly, this document was never disclosed as an expert opinion as to the value of the Dealership. The Court rejects the notion that it was prepared in the normal course of valuation. Even with a curative instruction there is a clear danger that this document will be viewed by the jury as an unquestioned expert opinion as to the value of the Dealership and in support of Del

Aquila's position that it was reasonable for him to reject the Dibre Offer as too low. Having declined the opportunity to use the report as an expert opinion, and thereby depriving his adversary of preparing its own, it would be unfair to allow this document into evidence.

- DX 15: <u>Letter from Nissan to Dibre Regarding a Letter of Commitment</u>: The Court rules that this Exhibit, which post-dates the summer of 2020, has no relevance to this matter which seeks to determine only whether Defendant improperly refused to accept the Dibre Offer. The document is excluded.

- DX 16: <u>Email from Ray Tantillo's lawyer to Defendant regarding an offer to purchase the Company</u>: The Court rules that this Exhibit, which refers to an offer that is not at issue, has no relevance to this matter which seeks to determine only whether Defendant improperly refused to accept the Dibre Offer. The document is excluded.

B.   <u>Defendant's Motion</u>

Defendant seeks to preclude the trial use of documents referred in the JPTO as Plaintiff's Exhibits ("PX"). The exhibits as well as the Courts ruling with respect to each follows.

- PX 2: <u>Letter from Nissan to Del Aquila responding to questions about a new entity taking over the Dealership and under what terms</u>: The Court rules that this Exhibit, which refers to an inquiry made by Defendant before the Dibre Offer, relates to matters that are not at issue here and therefore have no relevance to this matter which seeks to determine only whether Defendant improperly refused to accept the Dibre Offer. The document is excluded.

- PX 6-8: <u>Emails from Defendant to Tantillo dated 2017-2018 Regarding potential sales of the Dealership</u>: The Court rules that these exhibits, which refer to possible offers that pre-

date the Dibre Offer, and are not at issue here, have no relevance to this matter which seeks to determine only whether Defendant improperly refused to accept the Dibre Offer. The documents are excluded.

- PX 9-10: <u>Text Messages Between Defendant and Wayne Siegel</u>: These text messages have no relevance to this matter which seeks to determine only whether Defendant improperly refused to accept the Dibre Offer. The documents are excluded.

## CONCLUSION

For the foregoing reasons the parties' motions to preclude the introduction of the documents referred to in their opposing motions appearing as documents 52 and 53 on the docket herein are granted in their entirety. None of the contested documents shall be used by either party seeking their introduction at trial.

Dated: Central Islip, New York
       October 24, 2025

                                                  /s/ Anne Y. Shields
                                                  ANNE Y. SHIELDS
                                                  United States Magistrate Judge